IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 13-cr-50 (MN) |
| CRAIG GENERETTE, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM ORDER**

Defendant requests early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). (D.I. 12). For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Defendant pleaded guilty to cyberstalking, in violation of 18 U.S.C. § 2261 A. He was sentenced to 54 months of imprisonment followed by 3 years of supervised release. The facts underlying his conviction include that, while living in North Carolina, the defendant assaulted his then live-in girlfriend and her 15-year old daughter. After serving a prison sentence for those offenses, the defendant made a series of phone calls (nearly 900) to the victim over a period of weeks – including calls in which he made violent threats. Prior to that, defendant had an extensive criminal history of stalking and violence.

Defendant has been on supervised release since March 24, 2017 and has complied with the terms of supervision. He has completed counseling and complied with the prohibition on contact with the victim. He now seeks to move to South Carolina so that he can be closer to his family. He does not have a job or permanent housing in South Carolina.

II. DISCUSSION

The Court has discretion to terminate a defendant's term of supervised release, provided it is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. Generally speaking, however, § 3583(e)(1) requires "something exceptional or extraordinary" on the part of the defendant. *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010); *United States v. Seibles*, No. 10-235-3, 2019 WL 109332, at *1, *4 (W.D. Pa. Jan. 4, 2019). Compliance with the standard conditions of supervised release are "expected and not exceptional." *Laine*, 404 F. App'x at 574.

Having considered the relevant factors, reviewed the docket and case file, and reviewed the submissions of the Government and defendant's supervising probation officer, the Court finds that early termination of defendant's term of supervised release is not warranted. While it is commendable that the defendant has made strides towards rehabilitation, his conduct has not been "exceptional or extraordinary." *Laine*, 404 F. App'x at 573-74. Moreover, the interests of justice weigh against granting defendant's motion. The nature of the underlying offense, as well as the defendant's longstanding and violent criminal history, suggest that the safety of the public and the victim in this case remain concerns. This is particularly true given that the terms of his supervised release include a prohibition on any contact with the victims as well as defendant's stated intent to move out-of-state (and closer to his prior victims) prior to obtaining either employment or a permanent residence.

III. CONCLUSION

It is therefore ORDERED that Defendant's Pro Se Motion for Early Termination of Supervised Release (D.I. 12) is DENIED.

Dated: July 9, 2019

_____
The Honorable Maryellen Noreika
United States District Judge